UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 1723 S. MICHIGAN (CHICAGO) LANDCO, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> CHICAGO TITLE INSURANCE COMPANY, <br><br> Defendant. | CASE NO. 1:23-cv-5035 |

**COMPLAINT FOR BREACH OF CONTRACT AND FOR OTHER RELIEF**

Plaintiff 1723 S. Michigan (Chicago) Landco, LLC, by its attorneys, files a complaint against Defendant Chicago Title Insurance Company.

### COUNT I
### (Breach of Contract)

1. Plaintiff is a Delaware limited liability company registered to do business in Illinois. Plaintiff has a principal office at 739 South Clark Street, 3rd Floor, Chicago, Illinois.

2. Defendant is a Florida corporation. Defendant's principal place of business is in Florida.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendant and the amount in controversy exceeds $75,000.

4. Venue is proper because the dispute arose in the City of Chicago located within the Northern District of Illinois.

5. On May 17, 2022, Plaintiff purchased a property commonly known as 1723 South Michigan, Chicago, Illinois (the "Property") for $7,000,000.00.

6. The following is the legal description for the Property (the "Legal Description"):

> PARCEL 1:
>
> LOTS 3, 4 AND 5 IN JASON GURLEY'S SUBDIVISION OF THE NORTH PART OF BLOCK 3 IN ASSESSOR'S DIVISION OF THE SOUTHWEST FRACTIONAL QUARTER OF SECTION 22, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS
>
> PARCEL 2:
>
> LOTS 1, 2 AND 3 IN L. HAVEN'S SUBDIVISION OF THE SOUTH 1/2 OF BLOCK 3 IN ASSESOR'S DIVISION OF THE SOUTHWEST FRACTIONAL 1/4 OF SECTION 22, TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

7. The Legal Description encompasses 32,117.25 square feet of land.

8. On May 17, 2022, in connection with Plaintiff's purchase of the Property, Defendant issued Plaintiff an ALTA Owner's Policy of Title Insurance in the amount of $7,000,000.00 ("Original Title Policy"). A copy of the Original Title Policy is attached as **Exhibit A**.

9. The land insured under the Original Title Policy is based on the Property's Legal Description.

10. The Original Title Policy insured Plaintiff against title to the Property being vested in any other individual or entity except for Plaintiff.

11. The Original Title Policy also insured Plaintiff against unmarketable title in the Property.

12. In the Original Title Policy, Defendant waived general exceptions 1-3 of Schedule B from its exceptions of coverage and covered the Insured Land over "rights or claims of parties in possession not shown by Public Records," "any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the title that would be disclosed by an accurate and complete land survey of the Land," and "easements, or claims of easements, not shown by the Public Records."

13. The Original Title Policy included an Exception 8 for the "Rights of the public and City of Chicago in and to the 16 Foot Alley Running North and South through the Center of Block 3 aforesaid opened by order of the common council of the City of Chicago passed November 2, 1963. (Affects the East 8 feet of the Land)."

14. After the Original Title Policy was issued, Plaintiff notified Defendant on August 30, 2022 that the Chicago City Clerk's office advised that there was not a City Council meeting on November 2, 1963. In response, Defendant advised Plaintiff that they did not have any records of a November 2, 1963 City Council Meeting. A copy of email correspondence between Plaintiff and Defendant is attached as **Exhibit B**.

15. On September 21, 2022, Plaintiff requested that Defendant remove Exception 8 in the Original Title Policy because there is no evidence of a November 2, 1963 City Council meeting occurring. Ex. B. Defendant responded that they could not remove Exception 8 because "it appears like that area is used as a public alley and an exception would exist to that effect." Ex. B. Accordingly,

Plaintiff requested that Defendant revise Exception 8 to simply reflect the "public's use of the alley." Ex. B. Based on Plaintiff's request, Defendant revised Exception 8 to the "Rights of the public and City of Chicago in and to the 16 Foot Alley Running North and South through the Center of Block 3 aforesaid (Affects the East 8 feet of the Land)," and issued a revised title policy ("Revised Title Policy"). Ex. B; a copy of the Revised Title Policy is attached as **Exhibit C**.

16. Other than the revision to Exception 8, the Original Title Policy and Revised Title Policy are the same. Ex. A, C.

17. Plaintiff intended to construct on the Property a mixed-use, high-rise building containing 149 dwelling units (the "Development") and engaged an architect to prepare plans for the Development.

18. After the architect completed the plans for the Development, Plaintiff submitted, in or about August 2022, a building permit application for the foundation of the Development.

19. In or about August 2022, the City of Chicago denied the building permit application for the Development on the basis that the Property did not include the east eight feet.

20. On or about January 30, 2023, the City of Chicago asserted ownership of the east eight feet of the Property as a public alley (the "Disputed Land"). A copy of e-mail correspondence with the City of Chicago Zoning Department, Department of Transportation, and Law Department is attached as **Exhibit D**.

21. The City of Chicago's claim of ownership to the Disputed Land predated the Title Policy.

22. The City of Chicago's claim of ownership to the Disputed Land decreases the market value of the Property.

23. As a result of the City of Chicago's claim of ownership over the Disputed Land, the City of Chicago only recognized that Plaintiff owned 30,621.25 square feet instead of the 32,117.25 square feet of land that comprises the Property.

24. The Property is zoned as a DX-5, Downtown Mixed-Use District.

25. Under Section 17-5-0405-A of the City of Chicago Zoning Ordinance, Plaintiff is permitted to build improvements having a floor area of five times the size of the Property's lot.

26. For the 32,117.25 square feet of land comprising the Property, Plaintiff would have been able to build improvements with 160,586.25 square feet of floor area.

27. For the 30,621.25 square feet of land that the City claims is within the Property, Plaintiff can only build improvements with 153,106.25 square feet of floor area.

28. The reduced lot size of the Property from 32,117.25 square feet of land to 30,621.25 square feet of land caused Plaintiff significant damages.

29. The smaller lot size results in the loss of 6,610 square feet of retail space causing a negative development impact value of $2,280,450.00.

30. Moreover, as of February 23, 2023, Plaintiff incurred significant expenses in revising the plans due to the loss of the Disputed Land. These expenses include $150,000 in architectural and engineering fees for revising the plans, $30,000 in permit fees, and $15,000 in expeditor fees to accommodate the reduced lot size. Finally, Plaintiff has incurred $270,799 in project interest, $32,196 in real estate taxes, and $1,150,685 in overhead expenses.

31. Accordingly, the loss of the Disputed Land caused Plaintiff $4,079,130.00 in damages as of February 23, 2023.

32. On or about March 15, 2023, Plaintiff served Defendant with a notice of claim ("Claim") for the loss of title to the Disputed Land pursuant to the Revised Title Policy. A copy of the Claim is attached as **Exhibit E.**

33. On or about April 17, 2023, Defendant served Plaintiff with a notice denying coverage of the Claim. In the notice denying coverage, Defendant relied upon Exception 8 of the Revised Title Policy. A copy of the denial of the Claim is attached as **Exhibit F**.

34. On or about April 25, 2023, Plaintiff served Defendant with a demand to reconsider its denial because (1) the basis of the denial creates a conflict in the Revised Title Policy that should be resolved in Plaintiff's favor and, alternatively, (2) the denial raised an ambiguity that should be resolved in Plaintiff's favor. A copy of the demand for reconsideration is attached as **Exhibit G**.

35. On July 6, 2023, Defendant denied the demand to reconsider. A copy of the denial to the demand for reconsideration is attached as **Exhibit H**.

36. The Revised Title Policy insures Plaintiff against any loss or damage to its ownership and marketable title to the Property.

37. The Disputed Land is part of the Property as insured under the Revised Title Policy.

38. The City of Chicago's ownership claim to the Disputed Land is a loss and damage to Plaintiff's ownership and marketable title to the Property that is covered under the Revised Title Policy.

39. Exception 8 is inapplicable to the City of Chicago's ownership claim to the Disputed Land, as Exception 8 only applies to the use of the Disputed Land by the public and City of Chicago.

40. Defendant's denial based on Exclusion 8, and its interpretation thereof, conflicts with the portion of the Revised Title Policy covering losses to title of the Property being vested in any one other than Plaintiff and covering losses caused by unmarketable title to the Property.

41. Alternatively, Defendant's denial creates an ambiguity in the Revised Title Policy.

42. Under Illinois law, ambiguities and conflicts in title insurance policies must be resolved in favor of the insured; in this case, any ambiguity and conflict in Exception 8 must be resolved in Plaintiff's favor.

43. Defendant's denial of Plaintiff's Claim is a breach of the Revised Title Policy.

44. Plaintiff performed all conditions to enforce the Revised Title Policy.

45. Defendant's breach has caused Plaintiff damages in the amount of $4,079,130.00.

WHEREFORE, Plaintiff 1723 S. Michigan (Chicago) Landco, LLC, prays for judgment against Defendant Chicago Title Insurance Company in the amount (i) of the loss in value of the Property, (ii) its expenses incurred in reliance on Defendant's erroneous Revised Title Policy, (iii) its attorney fees and costs, and (iv) all other damages that the Court determines to be appropriate.

## COUNT II
## (Bad Faith)

46. Plaintiff incorporates paragraphs 1-45 of the Complaint into Count II.

47. Section 155 of the Illinois Insurance Code (215 ILCS 5/155) provides, in pertinent part, as follows:

> § 155. Attorney fees.
>
> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $60,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

48. Defendant wrongfully denied coverage of the Claim on or about April 17, 2023, and then again on or about July 11, 2023.

49. Defendant's denial relied on Exclusion 8 under the Revised Title Policy.

50. Defendant's denial based on Exclusion 8, and its interpretation thereof, conflicts with the portion of the Revised Title Policy covering losses to title of the Property being vested in any one other than Plaintiff and covering losses caused by unmarketable title to the Property.

51. Exception 8 is inapplicable. Based on the parties' correspondence, Exception 8 only relates to the public's use of the Disputed Land and not ownership of the Disputed Land. In this case, the City is claiming ownership over the Disputed Land, not merely use.

52. Defendant's denial raises a conflict in the Title Policy, which is unreasonable and vexatious. At most, Defendant's denial creates an ambiguity.

53. Under Illinois law, ambiguities in title insurance policies must be resolved in favor of the insured; in this case, any ambiguity in Exception 8 must be resolved in Plaintiff's favor.

54. In its request for reconsideration, Plaintiff addressed the conflict and ambiguity in the Revised Title Policy created by Defendant's denial; however, Defendant refused to reconsider.

55. Defendant's actions and delay as stated herein set forth constitute violations of § 155 of the Insurance Code.

WHEREFORE, Plaintiff 1723 S. Michigan (Chicago) Landco, LLC prays for judgment in its favor and against Defendant Chicago Title Insurance Company in the amount of Plaintiff's reasonable attorney's fees and costs, plus an amount not to exceed any one of the following amounts pursuant to 215 ILCS 5/155:

a. 60% of the amount which the Court finds Plaintiff is entitled to recover against the Defendant, exclusive of all costs;

b. $60,000; or

c. The excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

Marty J. Schwartz
Tyler Manic
Thomas J. K. Schick
Schain, Banks Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5400
Chicago, Illinois 60602
(312) 345-5700
mschwartz@schainbanks.com
tmanic@schainbanks.com
tschick@schainbanks.com
Attorney No.: 3124462

1723 S. Michigan (Chicago) Landco, LLC

By  /s/ Tyler Manic
    One of Plaintiff Attorneys