**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| 1723 S. MICHIGAN (CHICAGO) LANDCO LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 23 C 5035 |
| CHICAGO TITLE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant Chicago Title Insurance Company's ("Chicago Title") Motion for Summary Judgment. For the reasons set forth below, the motion is granted.

**BACKGROUND**

I.      **Factual Background**

In resolving a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The following facts are taken from the record and are undisputed unless otherwise noted.

On May 17, 2022, Plaintiff 1723 S. Michigan (Chicago) Landco, LLC ("Landco") purchased the property commonly known as 1723 South Michigan Avenue

in Chicago, Illinois (the "Property") for $7,000,000. In connection with the purchase, Chicago Title issued an American Land Title Association Owner's Policy of Title Insurance (the "Policy") in the amount of $7,000,000. The Policy insured Landco's title to a parcel comprising 32,117.25 square feet.

Schedule B of the Policy set forth specific exceptions to coverage. Exception 8 provided: "Rights of the public and City of Chicago in and to the 16 Foot Alley Running North and South through the Center of Block 3 aforesaid[] (Affects the East 8 feet of the Land)[.]" Dkt. # 34, at 38.

The Policy also contained five general exceptions to coverage, including General Exception 1, which excepted coverage for "[r]ights or claims of parties in possession not shown by Public Records[,]" and General Exception 3, which excepted coverage for "[e]asements, or claims of easements, not shown by the Public Records." *Id*. at 37. Landco purchased an endorsement (the "General Exceptions Endorsement") that deleted all five general exceptions. The General Exceptions Endorsement stated: "[T]o the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls." *Id*. at 43.

In early 2023, the City of Chicago denied Landco's application for a building permit for its planned development of the Property. On March 15, 2023, Landco tendered a claim to Chicago Title, asserting that the City denied Landco's application for a building permit because it—not Landco—owned the easterly eight feet of the Property (the "Disputed Land"). It is undisputed that the City's claimed property

2

interest[1] is not shown in the public records. Chicago Title denied coverage on April 17, 2023, relying on Exception 8.

## II. Procedural History

On August 1, 2023, Landco commenced this action. On November 22, 2024, Landco filed its two-count First Amended Complaint alleging breach of contract (Count I) and bad faith (Count II). After motion practice, Count II was dismissed, leaving Count I for breach of contract as the sole remaining claim. Chicago Title now moves for summary judgment on two grounds: first, that it properly denied coverage under Exception 8 of the Policy; and second, that Landco cannot establish compensable damages. The Court needs only to address the first issue to resolve the motion.

## LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations and citation omitted). "[T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586 (citation modified). Summary judgment is particularly appropriate for cases

---

[1] The record is unclear as to whether the City did in fact claim an *ownership* interest in the Disputed Land.

3

involving the interpretation of written contracts, which are resolved as a matter of law. *Bank of Am., N.A. v. Chi. Title Ins. Co.*, 455 F. Supp. 3d 665, 673 (N.D. Ill. 2013).

Under Illinois law, insurance policies are interpreted according to the general rules governing contracts. *Founders Ins. v. Munoz*, 237 Ill. 2d 424, 433 (2010). The primary objective is to ascertain and give effect to the parties' intent as expressed in the policy language. *Id.* If the terms are clear and unambiguous, they are enforced as written. *Hobbs v. Hartford Ins.*, 214 Ill. 2d 11, 17 (2005). A provision is ambiguous only if it is susceptible to more than one reasonable interpretation. *Munoz*, 237 Ill. 2d at 433. A court "will not strain to find ambiguity where none exists," nor will it deem a term ambiguous merely because a party can suggest "creative possibilities" for its meaning. *State Farm Mut. Auto. Ins. v. Elmore*, 2020 IL 125441, ¶ 21.

## DISCUSSION

Landco contends that Exception 8 does not apply to the City's property interest claim and that Chicago Title's denial of coverage was wrongful. This argument fails for two reasons: (1) Exception 8 is unambiguous and excepts from coverage rights of the City in the Disputed Land; and (2) and Exception 8 does not conflict with the General Exceptions Endorsement.

### I. Exception 8 Is Unambiguous

The Schedule B exceptions in the title insurance policy identify matters affecting the insured property that are carved out from coverage. Exception 8 carves out from coverage the "[r]ights of the public and City of Chicago in and to the 16 Foot Alley"

4

and "[a]ffects the East 8 feet of the Land" (Dkt. # 34, at 38)–the Disputed Land specifically at issue. Lando argues the operative word here is "rights." Landco disputes what type of property interest the City possesses, ergo what "right" in the Disputed Land the City may hold. Because the City's claimed property interest is not supported by public records, Landco contends that the City cannot possess fee simple ownership of the Disputed Land and, at most, may hold an easement. In response, Chicago Title argues that Exception 8 is all-encompassing and excepts any rights the City (or public) may have in the Disputed Land.

The Court notes that the record is unclear as to whether the City actually claimed ownership interest in the Disputed Land. Landco relies on an email sent from the City on January 30, 2023, for its position that the City claims ownership interests in the Disputed Land. According to the January 30, 2023 email, the Disputed Land "is an alley by prescriptive use" under Section 2–202 of the Illinois Highway Code, 605 ILCS 5/2–202, as it "appears to have been used by the public for well beyond 15 years." *Id*. at 47. Two days later, counsel for Landco shared the City's email with Linda Kent ("Kent"), a senior title officer for Chicago Title, and asked whether Section 2-202 would, in effect, "operate to divest [Landco] of title." Dkt. # 65-3, at 2–3. Kent replied, "It does appear that is correct." *Id*.

Landco may have relied on this information when it tendered a claim to Chicago Title, asserting that the City denied Landco's building permit because of its claimed ownership interest in the Disputed Land. The Court need not resolve what type of

5

property interest the City's may have to decide this motion—nor should it.  The City is not a party to this litigation and the issue has not been sufficiently briefed.  However, at least on the record before it, the Court notes that the City likely only claimed to have a prescriptive easement pursuant to Section 2–202 of the Illinois Highway Code[2] and Landco may have been misinformed as to its ownership rights in the Disputed Land. Generally, "[a]n easement provides use rights; it does not provide ownership rights or an ownership interest in land." *Cross v. O'Heir*, 2013 IL App (3d) 120760, ¶ 24.  In any event, under Exception 8's plain and ordinary meaning, "rights . . . in and to" the Disputed Land encompasses the interest the City (or public) may possess: ownership or easement.  This is consistent with the interpretation Chicago Title applied when issuing the Policy and when it denied coverage.

"Although creative possibilities may be suggested, only reasonable interpretations will be considered." *Firebirds Int'l, LLC v. Zurich Am. Ins.*, 2022 IL App (1st) 210558, ¶ 18 (citation modified).  The Court will not strain to find ambiguity in the word "rights" in order to support a finding that the entire provision is ambiguous. Of the 32,117.25 square feet of the Property, Exception 8 specifically carves out from coverage the rights of the City (or the public) regarding the alley's eastern 8 feet of the

---

[2] To establish a prescriptive easement pursuant to Section 2–202 of the Illinois Highway Code, a party must show that "public use of the road [was] adverse, under a claim of right, open and notorious, continuous and uninterrupted, with the knowledge of the owner but without his consent, for 15 years." *Limestone Dev. Corp. v. Vill. of Lemont*, 284 Ill. App. 3d 848, 854 (1st Dist. 1996).

property—the exact parcel of land at issue.  Exception 8 plainly excepts from coverage the City's rights in the Disputed Land.  There is nothing ambiguous about it.

## II.  Exception 8 Does Not Conflict with the General Exceptions Endorsement

Landco's most substantial argument is that interpreting Exception 8 to cover non-record rights creates an irreconcilable conflict with the General Exceptions Endorsement, which deleted the general exceptions for "rights or claims of parties in possession not shown by Public Records" and "easements, or claims of easements, not shown by the Public Records."  Landco contends that if Exception 8 excepts non-record rights of the City, it effectively reinstates the general exceptions that Landco paid to remove.

The Court disagrees.  The General Exceptions Endorsement and Exception 8 address different subjects and serve different functions.  The deleted general exceptions were broad, applying to non-record claims by any parties in possession across the entire insured property.  Exception 8, by contrast, is narrow and specific: it addresses only the rights of the public and the City in a specifically identified portion of the Property—the east 8 feet within a 16-foot alley.  These are not the same provisions, and enforcing one does not nullify the other.

Chicago Title's illustration in its Reply is instructive: a neighboring property owner's non-record adverse possession claim to the Disputed Land would have fallen within the now-deleted General Exception 1 (non-record rights of parties in possession) but would not fall within Exception 8, which covers only the rights of the public and

the City. The deletion of the general exceptions expanded Landco's coverage against non-record claims generally; Exception 8 preserved a specific carve-out for a specific interest that Chicago Title identified as a concern. A title insurer must be permitted to except a particular non-record interest from coverage even while agreeing to provide broader coverage for other non-record interests. Landco's contrary reading would make it impossible for a title insurer to do so—an absurd result. *See Fid. Nat. Title Ins. v. Westhaven Props. P'ship*, 386 Ill. App. 3d 201, 214 (2007) (a contract should not be interpreted in a manner that renders a provision meaningless).

### III. Landco's Post-Issuance Revision Argument Does Not Create a Fact Issue

Landco argues that Exception 8 can reasonably be read to cover only "use" rights—that is, easements—rather than ownership. But this interpretation requires the Court to impermissibly read language into the Policy that is not there. *See Barth v. State Farm Fire & Cas. Co.*, 228 Ill. 2d 163, 174–75 (2008) (courts are not permitted to read into an insurance policy language that is not there). Landco points to a post-issuance revision of the Policy, in which Chicago Title agreed to remove from Exception 8 a reference to a nonexistent 1963 common council order, as evidence that the parties understood Exception 8 to address only "use" rights. But the record does not support this characterization.[3] Chicago Title's underwriting counsel testified that

---

[3] Landco's principal, Colin Kihnke, conceded at his deposition that he had no understanding as to the meaning of Exception 8. This admission underscores the absence of any reasonable alternative reading; Landco's interpretation is a post hoc litigation construction, not a genuinely held understanding at the time of contracting.

the revision removed only the reference to the non-existent order; it did not limit Exception 8 to use rights or easements. In any event, where the policy language is unambiguous, extrinsic evidence of post-contracting conduct is inadmissible. *Vivify Constr., LLC v. Nautilus Ins.*, 2017 IL App (1st) 170192, ¶ 20; *see also Firebirds*, 2022 IL 210558 at ¶ 25 (insurer's subsequent amendment making intent clearer does not mean original language was ambiguous). Because Exception 8 is unambiguous, the Court declines to consider the post-issuance revision as evidence of the parties' intent.

## CONCLUSION

For the foregoing reasons, Chicago Title's Motion for Summary Judgment [54] is granted. Judgment is hereby entered in favor of Chicago Title on Landco's breach of contract claim. Civil case terminated.

It is so ordered.

Dated: March 23, 2026

Charles P. Kocoras
United States District Judge